UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-137-JBC**

**EAST KENTUCKY POWER COOPERATIVE, INC.,**                              **PLAINTIFF,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**GREENWICH INSURANCE COMPANY,**                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Greenwich Insurance Company ("Greenwich"), for leave to file a third party complaint (DE 4), and on the motion of Lexington Coal Company ("LCC") to intervene and transfer to Bankruptcy Court (DE 7, 8). The court construes the plaintiff's responses as motions to remand (DE 5, 9). The court, having reviewed the record and being otherwise sufficiently advised, will grant Greenwich's motion, will reserve ruling on LCC's motion, and will deny the plaintiff's motion.

**Background and procedural history**

Plaintiff, East Kentucky Power Cooperative ("EKPC"), is a resident of the Commonwealth of Kentucky. It filed a complaint in Clark County Circuit Court against Greenwich, a foreign company, alleging breach of contract and breach of a covenant of good faith and fair dealing. Greenwich removed the case to this court invoking diversity jurisdiction and now seeks to implead LCC and interplead LCC and EKPC. EKPC objects to neither procedural device. However, it is concerned that the impleader of LCC, also a Kentucky resident, will destroy this court's diversity

jurisdiction.

**Analysis**

*Greenwich's motion for leave to file a third-party complaint*

Impleader is proper under Rule 14 where a third party may be liable to a defendant for all or part of a plaintiff's claim. Fed. R. Civ. P. 14(a). This rule is to be liberally interpreted to avoid a "circuity of actions," eliminate unnecessary expense, and save time. *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969). Interpleader is an equitable action available to a plaintiff-stakeholder who is, or may be, exposed to multiple liability where the claims would be mutually inconsistent. The purpose of the interpleader is to allow the plaintiff-stakeholder to avoid the burden and the risk of loss from multiple litigation where only one obligation is owed. *Hussain v. Boston Old Colony Ins.*, 311 F.3d 623, 631 (5th Cir. 2002).

Subject matter jurisdiction based on diversity is not destroyed merely because a plaintiff and a third party defendant are not diverse. *Caterpillar v. Lewis*, 519 U.S. 61, 67 n.1 (1996). Nor in an interpleader action is diversity destroyed where a plaintiff-stakeholder does not claim interest in a fund and the defendant claimants are diverse with regard to the plaintiff. *Leimbach v. Allen*, 976 F.2d 912, 916 (4th Cir. 1992); *Nat'l Cas. Co. v. Ins. Co. of N. Am.*, 230 F. Supp. 617, 619-20 (N.D. Ohio 1964). Because neither EKPC nor LCC has asserted claims against each other, impleading LCC would not defeat diversity. Nor does the proposed

interpleader action defeat diversity, as Greenwich does not claim an interest in the fund, EKPC and LCC are diverse as opposed to Greenwich, and the amount in controversy exceeds $75,000.

Given that EKPC states in its response to Greenwich's motion that it does not otherwise object to the impleader or the interpleader, the court will grant Greenwich's motion for leave to file a third-party complaint.[1]

*Intervention*

Intervention under Rule 24 is proper where the party seeking to intervene has an interest in the subject matter of the litigation, where the interest will be impaired or impeded absent intervention, and where the interest is not adequately represented by the existing parties. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). Although this rule is to be liberally interpreted in favor of intervention, this does not mean that there is no barrier to entry at all. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).

In this case LCC claims an interest in the bond and wishes to defend that interest. An appropriate interpleader from Greenwich will give LCC that opportunity. Therefore, it is not necessary to grant LCC's motion to intervene at this time. However, the court may revisit this motion pending Greenwich's actions regarding its proposed third-party complaint. Similarly, as LCC is not yet a party, the court

---

[1] The court notes, parenthetically, that proper interpleader under Rule 22 requires the defendant to file a counter claim seeking relief against the plaintiff. *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 n.2 (1972).

will not consider LCC's motion to transfer this proceeding to Bankruptcy Court at this time.

*Remand*

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the removing party, the defendant clearly has the burden of establishing that federal jurisdiction exists. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). In federal district courts, "the absence of jurisdiction is generally presumed unless the party invoking jurisdiction clearly demonstrates that it exists." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 158 (E.D. Ky. 1996). Here, Greenwich has met its burden and has established that this court has jurisdiction over this matter based on diversity. Accordingly,

**IT IS ORDERED** that Greenwich Insurance Company's motion for leave to file a third-party complaint (DE 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to remand (DE 5, 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the motions of LCC to intervene and transfer this action to Bankruptcy Court (DE 7, 8) are **DENIED WITHOUT PREJUDICE** to their later reassertion in this action.

   Signed on October 11, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY