UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-137-JBC

EAST KENTUCKY POWER COOPERATIVE, INC.,                                    PLAINTIFF,

V.                       MEMORANDUM OPINION AND ORDER

GREENWICH INSURANCE COMPANY,                                               DEFENDANT/
                                                                           THIRD-PARTY PLAINTIFF,

* * * * * * * * * *

This matter is before the court on Lexington Coal Company's ("LCC") motion to transfer this case to Bankruptcy Court. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion and will remand this case to Clark Circuit Court.

**Facts and Procedural History**

In 1999, East Kentucky Power Cooperative ("EKPC") and AEI Coal Sales Company ("AEI"), later known as Horizon, entered into a contract for the sale of coal. Pursuant to the contract, AEI provided a supply contract bond for $420,000 to provide "security . . . in the event of default or breach of this contract by [AEI]." Greenwich Insurance Company ("Greenwich") was the surety for that bond. To secure its own performance, AEI pledged cash collateral to Greenwich.

In 2002, Horizon filed bankruptcy. While the bankruptcy was on-going, Horizon and EKPC amended their contract by letter-agreement, which settled a dispute over payment and delivery schedules. Under the terms of the letter agreement, EKPC agreed to release funds owed to Horizon in exchange for two

more deliveries of coal. After these deliveries, as contemplated by the letter-agreement, Horizon rejected the contract under § 365 of the Bankruptcy Code. The Horizon bankruptcy has concluded; a Plan for Reorganization has been approved by the Bankruptcy Court. Under the terms of the Plan, LCC acquired some of Horizon's assets and liabilities, including all of Horizon's "right, title, and interest" in the cash collateral.

EKPC argues that it is entitled to be paid by Greenwich under the terms of the supply contract bond. LCC argues that it is entitled to the cash collateral because of the assignment from Horizon and because the letter-agreement terminated Greenwich's obligations under the bond. EKPC initially brought this action in Clark Circuit Court to recover money due under the terms of the bond. Greenwich removed the matter to this court invoking diversity jurisdiction. It then impleaded LCC, who filed a third-party counter-claim against Greenwich to recover the cash collateral. LCC now wishes to transfer this case to Bankruptcy Court, arguing that this matter arises under, or relates to, the Horizon bankruptcy.

**Analysis**

The federal courts have original jurisdiction in all cases arising under or related to a bankruptcy. 28 U.S.C. § 1334; *In re Resorts Int'l,* 372 F.3d 154, 161-62 (3d Cir. 2004). Cases arising under a bankruptcy are often referred to as "core proceedings." They invoke substantive rights provided by the Bankruptcy Code or involve claims that, by their nature, have no existence outside of bankruptcy. Other matters are "non-core" and include those cases that could "conceivably have any

effect on the estate being administered in bankruptcy." *Id.* at 164.

In this case, EKPC has alleged that Greenwich owes it money pursuant to the performance bond. LCC, as assignee of Horizon's interest, claims an interest in the cash collateral securing the bond. Although the question of who is entitled to bond proceeds and the underlying cash collateral has arisen in the context of a bankruptcy, this matter does not involve substantive rights granted by the Bankruptcy Code. Nor is this type of controversy unique to bankruptcy. Therefore, this is not a core proceeding, and subject matter jurisdiction will exist only if this matter is related to the Horizon bankruptcy. *See id.* at 163 (noting that non-core jurisdiction is the broadest path to subject matter jurisdiction).

Where there is a dispute about a non-core matter after confirmation of the Plan, there must be a close nexus between the dispute and the Plan to vest subject matter jurisdiction in the federal courts. *See id*. at 166-67. A close nexus exists where the dispute affects "an integral part of the bankruptcy proceeding." *Id.* at 167. Cases involving continuing trusts, such as liquidation or litigation trusts, generally maintain a connection to the bankruptcy even after the plan has been confirmed. *Id.*; *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9d Cir. 2005). Claims affecting the implementation and execution of the Plan may also have a connection to the bankruptcy. *Pegasus Gold*, 394 F.3d at 1194.

The dispute in *Pegasus Gold* occurred post-confirmation and centered around whether a creditor-state could breach a contract with a corporation specifically chartered to perform reclamation work for a debtor-mining company. In that case,

3

the corporation was owned by a liquidation trust and, therefore, the financial viability of the mining company was intimately related to the success of the overall Plan. 394 F.3d at 1192. Similarly, the claims presented and remedies sought – including disgorgement of a settlement paid to the creditor-state – would require a court to interpret, and perhaps rework, the Plan. *Id.* at 1194. Therefore, the Ninth Circuit held that the bankruptcy court had jurisdiction over the subject matter. *Id.*

In *Resorts International*, the Third Circuit held that a litigation trust's suit for professional malpractice lacked a sufficient nexus to the Plan to vest the bankruptcy court with subject matter jurisdiction. 372 F.3d at 169. The court held that resolution of the malpractice claims would not affect the estate, would only have an incidental impact on the reorganized debtor, and would not interfere with the plan for reorganization. Although the court recognized that the malpractice claims would affect the litigation trust beneficiaries, it also recognized that those parties were not creditors with a close connection to the estate. *Id.*

This dispute is about who will bear the loss resulting from Horizon's breach of contract.[1] The resolution of this matter will not interfere with, nor involve, continuing trusts set up by the Horizon Plan. Nor will the resolution of the matter affect other creditors' claims against the estate. Therefore, this claim is not related to the bankruptcy, and the Bankruptcy Court does not have subject matter

---

[1] Notwithstanding LCC's argument to the contrary, Horizon breached the contract by rejecting the contract. 11 U.S.C. § 365(g); *Miller v. Chateau Co.*, 282 F.3d 874, 877 (6th Cir 2002).

4

jurisdiction. Instead, this case turns on questions of contract interpretation and the determination of property rights. Answering these questions will not require an immersion into the Horizon bankruptcy. LCC is a separate and distinct legal entity that is no longer connected to Horizon's estate. It is not owned by, nor does it contribute any to, the Horizon liquidating trust. Because the Bankruptcy Court does not have jurisdiction to hear this case, LCC's motion to transfer must be denied. LCC also argues that it is merely trying to recover property of the estate. However, this responsibility does not belong to an independent company that is no longer affiliated with the estate, and LCC's argument does not justify a transfer to Bankruptcy Court

Reviewing Greenwich's third-party complaint, the court notes that both Greenwich and LCC are citizens of the same state. Therefore, the court does not have subject matter jurisdiction under 28 U.S.C. § 1332, which was Greenwich's initial basis for removing this action. Nor, for reasons mentioned in this order, does this matter relate to, or arise under, the Bankruptcy Code. Therefore, the court does not have subject matter jurisdiction under 28 U.S.C. § 1334. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the court does not have jurisdiction under 28 U.S.C. §§ 1332 or 1334,

**IT IS ORDERED** that Lexington Coal Company's motion to transfer to Bankruptcy Court (DE 18) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to Clark Circuit

Court and **STRICKEN** from this court's docket.

Signed on January 24, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6